## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

September 13, 2007

| | |
|---|---|
| Mark D. Collins | Marla R. Eskin |
| Russell C. Silberglied | Kathleen Campbell Davis |
| Lee E. Kaufman | Campbell & Levine, LLC |
| Richards, Layton & Finger, P.A. | 800 N. King Street, Suite 300 |
| One Rodney Square | Wilmington, DE 19801 |
| 920 North King Street | |
| Wilmington, DE 19801 | Tony Castanares |
| | Stephan M. Ray |
| R. Paul Wickes | Scott H. Yun |
| Mary K. Warren | Whitman L. Holt |
| Michael J. Osnato, Jr. | Stutman, Treister & Glatt, P.C. |
| J. Justin Williamson | 1901 Avenue of the Stars |
| LINKLATERS | 12th Floor |
| 1345 Avenue of the Americas | Los Angeles, CA 90067 |
| New York, NY 10105 | |
| | Special Counsel for the OHC |
| Attorneys for Defendants | Liquidation Trust |

Re: OHC Liquidation Trust v. Credit Suisse (f/k/a Credit Suisse
    First Boston, a Swiss banking corporation), et al.
    Adv. Proc. No. 04-57060

Dear Counsel:

   This is with respect to Defendants' motion to compel expert disclosure (Doc. # 180).

   I agree with Defendants that Dr. Tennenbaum's report is deficient with respect to sources relied upon (or considered). In its response Plaintiff asserts that "[t]he Tennenbaum Report includes a four page narrative account of the materials used by Dr. Tennenbaum in forming his opinion." (Doc. # 184, p. 9.) That

2

narrative is not very helpful.

In Plaintiff's counsel's August 16, 2007 letter to Defendants' counsel he states:

> Based on the belief that Credit Suisse wished to take discovery of all the documents that Dr. Shapiro or Dr. Tennenbaum may have been provided with or looked at in connection with this matter, and in the interests of full and complete disclosure, the Trust offered to provide a complete production of all documents related to this adversary proceeding in the possession of either of its experts, so long as there would be a reciprocal production from Credit Suisse. Such a production obviously would include not only the documents on the lists already provided by Dr. Tennenbaum and Dr. Shapiro, but also all other documents they possessed or "considered." Scott Yun and I previously made this specific offer during the May 30, 2007 meet-and-confer, but you and Mr. Murphy flatly rejected the offer and informed us that "Credit Suisse has no interest in receiving copies of those documents."

(Doc. # 189, Ex. C., p. 2.) I believe that offer is the solution to this dispute and I am therefore directing that the Plaintiff undertake that production and Defendants will have a like obligation with respect to rebuttal expert reports.

I make no ruling at this time regarding Defendants' time for production of rebuttal expert reports. If the parties cannot work that out, you should contact my courtroom deputy to obtain a time for a telephone conference on the subject.

Very truly yours,

Peter J. Walsh

PJW:ipm